[Civ. No. 1833.   First Appellate District.—April 27, 1916.]

ROBERT J. RILEY, Appellant, v.' EVENING POST PUBLISHING COMPANY (a Corporation), Respondent.

LIBEL—PUBLICATION CONCERNING DIVORCE ACTION—ACCUSATION OF "AFFINITY".—PLEADING—SUFFICIENCY OF COMPLAINT.—A complaint in an action for libel based upon the publication of an article in a newspaper having reference to a divorce action, which alleges that it was stated in such article that the husband in his complaint in such action accused his wife of having two affinities, of which the plaintiff was one, and which statement is alleged to be false, states a cause of action, and is not a fair and true report, without malice, of a judicial proceeding.

ID.—PLEA OF PRIVILEGE—DEMURRER.—In actions for libel the plea of privilege is defensive matter which cannot be raised on demurrer unless the complaint affirmatively shows that the report complained of as libelous is a fair and true report, without malice, of a judicial proceeding.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Milton A. Nathan, for Appellant.

C. H. Wilson, for Respondent.

THE COURT.—This is an appeal from a judgment in favor of the defendant in an action for libel rendered upon the order of the court sustaining a demurrer to the plaintiff's second amended complaint, the plaintiff having declined to further amend his pleading.

The plaintiff's said complaint alleges that the defendant, a corporation, is the owner and publisher of a certain newspaper of general circulation known as "The San Francisco Post"; that on or about the twenty-eighth day of April, 1913, one Patrick Farrelly commenced an action for divorce against his wife, Flora Farrelly, in the superior court of the city and county of San Francisco, and on June 19, 1913, filed an amended complaint therein, to which on August 19, 1913, his said wife filed an answer and cross-complaint; that on August 20, 1913, the defendant caused to be published in said newspaper an article having reference to said divorce action, which article is set forth in full in said complaint, and wherein, under sensational headlines, it is stated that Patrick Farrelly in his complaint in said divorce action accuses his wife of having two "affinities," of whom this plaintiff is named as one, who visited his home in his absence; it is also stated that the wife charges in her pleadings that her relations with Riley (the plaintiff herein) were not without the knowledge of her husband. The complaint in this action further alleges that said publication was false, libelous, malicious and defamatory, and also avers that the term "affinity," as used in said article and applied to the plaintiff therein, has a definite, provincial, and local meaning, viz., that it designates a person who bears an illicit sexual relation to another person of the opposite sex; and that said defendant in said publication used said word in that sense, and intended thereby to publish and assert that said Patrick Farrelly accused the said plaintiff of having illicit sexual relations with his wife, and that the same was in fact so understood by the readers of said article.

It seems perfectly plain to this court that a complaint couched in the foregoing terms states a cause of action for libel; and that it does not appear upon the face thereof that the article published by the defendant in said newspaper was "a fair and true report, without malice, of a judicial proceeding," and was for that reason a privileged publication. On the contrary, it clearly appears that said publication, in so far as it states that Patrick Farrelly in said divorce action accuses

this plaintiff of having sexual relations with Farrelly's wife, is false, libelous, malicious, and defamatory. In actions for libel the plea of privilege is defensive matter, which cannot be raised on demurrer unless the complaint affirmatively shows that the report complained of as libelous is a fair and true report, without malice, of a judicial proceeding; and, as we have seen, the exact opposite appears upon the face of this complaint.

It follows that the judgment must be reversed with instructions to the trial court to overrule the defendant's demurrer to the second amended complaint, and it is so ordered.

A petition for a rehearing of this cause was denied by the district court of appeal on May 27, 1916, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 26, 1916.